## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO: 14-cv-61993-MIDDLEBROOKS

LATAVIA BEDFORD,

      Plaintiff,

v.

FAMILY DOLLAR STORES OF
FLORIDA, INC.,

      Defendant.

_____/

### <u>ORDER DENYING DEFENDANT'S MOTIONS FOR PROTECTIVE ORDER</u>

THIS CAUSE comes before the Court upon a Motion for Protective Order Re: Deposition Notices (DE 19), filed by Defendant Family Dollar Stores of Florida, Inc. ("Defendant") on October 27, 2014.   On November 13, 2014, Plaintiff Latavia Bedford ("Plaintiff") filed a response (DE 30), to which Defendant replied (DE 35) on November 24, 2014.  Also before the Court is Defendant's Motion for Protective Order Re: Written Discovery Requests (DE 38), filed on December 11, 2014.   On December 29, 2014, Plaintiff filed a response (DE 43), to which Defendant replied (DE 45) on January 8, 2015.   Further, on December 24, 2014, Plaintiff filed a Motion to Compel Depositions (DE 41).  Defendant filed a response (DE 47) on January 12, 2015.[1]

### I.    Background.

On August 15, 2014, Plaintiff filed suit in Florida state court against Defendant for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA").  (DE 1-2 at ¶ 15).

---

[1] On December 29, 2014, Defendant filed a Motion for Protective Order Regarding Deposition of Virginia Elvariste.  (DE 44).  The Parties' now represent that Defendant no longer objects to deposition of Virginia Elvriste. (DE 46 at ¶ 4).

On August 29, 2014, Defendant removed the action to this Court. (DE 1).  Before filing this action, Plaintiff was an Opt-in Plaintiff in *Samuel v. Family Dollar Stores of Florida, Inc.*, which was transferred by the Judicial Panel on Multidistrict Litigation ("Panel") from the Southern District of Florida to Judge Graham C. Mullen of the United States District Court for the Western District of North Carolina as part of an ongoing multi-district litigation proceeding, *In re Family Dollar Stores, Inc., Wage and Hour Litig. Employment Pracs. Litig.*, No. 3:08-md-1932 (W.D.N.C.) ("MDL").  On March 18, 2014, Plaintiff was dismissed without prejudice from the *Samuel* action "subject to a reasonable period of time to seek to intervene in *Samuel* under Rule 24." (DE 38 at 3) (citing MDL DE 1175 at 9).  Rather than intervene in *Samuel*, Plaintiff filed the instant action.[2]

In her Motion to Compel Depositions, Plaintiff seeks to compel the depositions of various witnesses.[3]  (DE 41).  Defendant, however, previously filed a motion requesting a protective order "enjoining Plaintiff Bedford from deposing Martha Garcia, Carol Velasquez, and any other witness." (DE 19 at 11).  Defendant also seeks a protective order enjoining Plaintiff from issuing written discovery requests.  (DE 38 at 8).  Defendant maintains that "discovery concluded on September 30, 2014 for the Plaintiffs," including Plaintiff Bedford, in the MDL.  (DE 19 at 2) (citing DE 38-1, Opposition of Plaintiffs Bedford and Danielle Sanford).  Defendant argues that the discovery rulings in the MDL proceeding are "law of the case" and bar Plaintiff from engaging in further discovery in this case.  (*See id.*).  Accordingly, Defendant argues "no other discovery should be permitted to either party in this Court." (DE 38 at 3).

---

[2] Defendant subsequently filed a Motion to Transfer this action to the MDL, which was denied on December 11, 2014.  (DE 38-3).
[3] Although Plaintiff seeks to compel the depositions of various witnesses, Plaintiff fails to specify which witnesses she seeks depose.

Plaintiff argues that she did not serve any written discovery, or take any depositions, in the MDL. (DE 43 at 8, 16). Plaintiff also disputes the applicability of the "law of the case" doctrine in this case. (*Id.* at 14). Plaintiff argues that even if the Court were to accept the MDL Court's discovery rulings, they do not apply to her because she was merely an "Opt-In Plaintiff" and the MDL's Orders refer only to "Plaintiffs," not "Opt-In Plaintiffs." (DE 43 at 7). Plaintiff further notes that the Parties recently engaged in a discovery conference with Magistrate Judge Dave Lee Brannon, which resulted in the entry of a Pre-Trial Scheduling Order (DE 17). (*Id.* at 20). Accordingly, Plaintiff argues she should be permitted to engage in discovery in this matter.

**II.     Legal Standard.**

Federal Rule of Civil Procedure 26(c) provides that "[a] party of any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." *Id.* "The burden is on the movant to show the necessity of the protective order, and the movant must meet this burden with a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Ekokotu v. Federal Exp., Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011) (citations omitted).

**III.    Discussion.**

Defendant argues that as an Opt-In Plaintiff in *Samuel*, Plaintiff Bedford had an opportunity to engage in discovery during the MDL discovery period. (DE 19 at 8). However, Defendant represents Plaintiff was dismissed without prejudice from the *Samuel* action on March 18, 2014. (DE 38 at 3) (citing MDL DE 1175 at 9). Plaintiff then initiated this action on August 15, 2014 in Florida state court, and Defendant removed the case to this Court on August 29,

2014.  Magistrate Judge Dave Lee Brannon entered a Pretrial Scheduling Order on October 10, 2014.  (DE 17).  Despite the fact that Plaintiff was (1) already dismissed from the MDL (and, therefore, not participating in the proceedings), and (2) initiated this separate action, Defendant maintains that the MDL discovery deadline of September 30, 2014 is applicable to Plaintiff.  (DE 19 at 2).

To advance this argument, Defendant relies on the "law of the case" doctrine.  Defendant explains that "[t]he authority of a district judge to reconsider a previous ruling in the same litigation, whether a ruling made by him or by a district judge previously presiding in the case, including (because the case has been transferred) a judge of a different court, is governed by the law of the case . . . ."  (DE 19 at 5-6) (citing *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006) (citations omitted)).  Defendant asserts that the discovery rulings from the MDL proceeding are "law of the case," and should be enforced here.

Having reviewed Defendant's arguments, it is clear Defendant's reliance on the law of the case doctrine is misplaced. First, Defendant does not, and the Court is unaware of, any governing Eleventh Circuit authority for the proposition that a Plaintiff who is dismissed from an MDL proceeding is prohibited from engaging in discovery on related matters in a subsequent action.  The cases cited by Defendant are easily distinguishable because they all involve cases that were transferred from one federal district to another federal district, or involve circuit court review of the district court proceedings.[4]  Without any authority for Defendant's position that this Court is bound by the discovery rulings in the previous MDL proceedings, the Court is

---

[4] *See, e.g., In re: Ford Motor Co.*, 591 406, 411 (5th Cir. 2009) (noting the law of the case doctrine is used in situations where "one judge has rendered an order or judgment and the case is then transferred to another judge."); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d at 571-72 (holding that transferee judge was permitted to reconsider order denying remand by transferor judge).

4

unpersuaded that Plaintiff is barred from engaging in discovery in this matter.  Defendant has, therefore, failed to demonstrate "good cause" for issuing the protective orders.

Plaintiff has also filed a Motion to Compel Depositions.  (DE 41).  To the extent Plaintiff seeks to take depositions in this case, for reasons stated above, she is entitled to do so in accordance with Federal Rule of Civil Procedure 26.  However, the Court cannot compel the deposition of any particular individual as Plaintiff has not specified who she seeks to depose. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that:

1. Defendant's Motion for Protective Order Re: Deposition Notices (DE 19) is **DENIED**;

2. Defendant's Motion for Protective Order Re: Written Discovery Requests (DE 38) is **DENIED**;

3. Plaintiff's Motion to Compel Depositions (DE 41) is **DENIED**; and

4. Defendant's Motion for Protective Order (DE 44) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this _16_ day of January, 2015.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record