IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 14-61993-CV-MIDDLEBROOKS/BRANNON**

| | |
|---|---|
| LATAVIA BEDFORD, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| FAMILY DOLLAR STORES OF FLORIDA, INC., | ) ) ) ) |
| Defendant. | ) |

**DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Pursuant to Fed. R. Civ. P. 56 and S.D. Fla. Local Rule 56.1, Defendant Family Dollar Stores of Florida, Inc. respectfully requests that this Court enter partial summary judgment in its favor and find as follows: (1) the appropriate two-year and three-year limitations periods for Plaintiff Latavia Bedford's Fair Labor Standards Act overtime and minimum wage claims begin on June 15, 2010, and June 15, 2011, respectively, with all earlier claims time-barred; (2) Plaintiff was paid the minimum wage for all hours worked during the relevant time period; and (3) to the extent Ms. Bedford was misclassified as exempt from overtime, the appropriate method for calculating any alleged overtime damages is one-half times the regular rate of pay for all hours worked by Ms. Bedford in excess of 40 hours in a work week.[1]  Defendant's Statement of

---

[1] On January 23, 2015, Defendant filed a motion to continue the summary judgment motion deadline from January 26 to March 13 in light of this Court's January 20 and January 21, 2015 Orders regarding discovery motions [ECF Nos. 50-51].  *See* ECF No. 54.  Defendant first met and conferred with Plaintiff's counsel regarding a continuance of the summary judgment motion deadline by sending a proposed revised schedule by email at 12:48 p.m. on Tuesday, January 20. Defendant also sent a proposed draft joint motion on January 21.  Plaintiff's counsel Chris Kleppin did not respond substantively to Defendant's proposal until mid-day on Friday, January

Material Facts in Support of Its Motion for Partial Summary Judgment("SOF") has been filed separately. [*See* ECF No. 59].

I.   SUMMARY OF STATEMENT OF FACTS

Plaintiff Bedford worked as a salaried Family Dollar Store Manager at three Broward County store locations from November 2008 to August 2011 and from April 2012 to May 2013. SOF ¶ 1. During the relevant time period, her weekly salary ranged between $727 and $825. *Id.* ¶¶ 3-4. Ms. Bedford admits that her weekly pay did not change with the fluctuation in the number of hours she worked and that she received the same weekly salary regardless of how many hours she worked each workweek, which varied from week to week. *Id.* ¶¶ 11-12. She alleges, *inter alia*, that she was not paid the minimum wage for all hours worked as a Store Manager, and that company records exist that show the number of actual hours she worked because she "had to punch a time-clock to record her hours each day." Complaint ¶¶ 27, 35 [ECF No. 1-2]. Despite this allegation that company records show the actual hours she worked, Ms. Bedford claimed at her deposition that she worked on average 10 hours "off the clock" per week. SOF ¶ 10.

During her entire tenure as a Store Manager, the applicable minimum wage under the FLSA was $7.25 per hour. SOF ¶ 9. While Ms. Bedford was making $727 per week, the maximum number of hours recorded by Ms. Bedford during the relevant period was 83.95. *Id.* ¶ 3. While she was making $741 per week, the maximum number of hours recorded by Ms.

---

23, at which time he announced that he would not join in the continuance motion. Defendant re-wrote the motion, now styled as a Joint Motion for Extension of Time to Complete Discovery and Defendant's Opposed Motion for Continuance of Pre-Trial and Trial Schedule, and re-circulated about two hours after the telephonic meet-and-confer conference. Mr. Kleppin provided his edits two hours later and then Defendant filed the pleading. In his edits, Mr. Kleppin requested 7 additional days to oppose Defendant's motion. [ECF No. 54 at 6]. Because the Court has not been able to rule on Defendant's motion, Defendant submits this motion for partial summary judgment, but reserves the right to file (with leave of Court) additional dispositive motions after discovery is completed.

Bedford was 74.37. *Id.* While she was making $825 per week, the maximum number of hours recorded by Ms. Bedford was 94.52. *Id.* ¶ 4.

On January 16, 2013, Ms. Bedford filed a Notice of Consent to join *Samuel v. Family Dollar Stores of Fla., Inc.*, No. 12-cv-1951 (W.D.N.C), which was a putative collective action for overtime and minimum wage under the FLSA that had been transferred by the Judicial Panel on Multidistrict Litigation from the Southern District of Florida to the Western District of North Carolina to become part of a pending MDL proceeding. *Id.* ¶ 5. On March 18, 2014, the MDL Court entered an order dismissing Ms. Bedford "without prejudice from the *Samuel* action, subject to a reasonable period of time to seek to intervene in *Samuel* under Rule 24." *Id.* ¶ 6. Rather than intervene in *Samuel*, Plaintiff waited 150 days to file a new complaint in Florida state court on August 15, 2014. *Id.* ¶ 8.

## II.   SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of material fact is genuine where the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party." *See Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) (quoting *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 919 (11th Cir. 1993)). "A district court's central inquiry when determining whether it should grant a motion for summary judgment is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Kaplan v. Code Blue Billing & Consulting, Inc.*, No. 11-81049-CV-MIDDLEBROOKS/VITUNAC, 2012 U.S. Dist. LEXIS 185696, at *4-5 (S.D. Fla. 2012) (Middlebrooks, J.) (quoting *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)), *aff'd*, 504 Fed. Appx. 831 (11th Cir. 2013). "[A] district court must grant summary judgment against a party who fails to establish the existence of an element essential to his case that he bears the burden of proof on during trial." *Kaplan*, 2012 U.S. Dist. LEXIS 185696 at *5 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

"The moving party bears the initial burden of demonstrating to the court that the record does not contain any genuine issues of material fact to be determined at trial." *Kaplan*, 2012 U.S. Dist. LEXIS 185696 at *5 (citing *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991)). "Whether a fact is material or not is a question that requires the moving party to defer to substantive law, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Kaplan*, 2012 U.S. Dist. LEXIS 185696 at *5 (quoting *Liberty Lobby*, 477 U.S. at 248). Pursuant to Rule 56, a moving party may accompany its motion for summary judgment with supporting affidavits; however, the movant is not required to file any affidavits. *See* Fed. R. Civ. P. 56(a)-(b).

"When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995) (per curiam) (internal citation and quotations omitted). "In addition, the dispute must have a 'real basis in the record' in order to constitute a genuine dispute of fact. *Kaplan*, 2012 U.S. Dist. LEXIS 185696 at *6 (quoting *Pace v. Capobianco*, 283 F.3d 1275, 1278 (11th Cir. 2002) (internal quotations and citation omitted). Thus, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1327 (11th

Cir. 2005); *see also Langley v. Gymboree Operations, Inc.*, 530 F. Supp. 2d 1297, 1299 (S.D. Fla. 2008) (Middlebrooks, J.) ("conclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well supported summary judgment motion.") (citing *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990). "While conclusions and unsupported facts alone are insufficient to oppose a summary judgment motion, a district court 'must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment.'" *Kaplan*, 2012 U.S. Dist. LEXIS 185696 at *7 (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)). "In order to demonstrate a genuine issue, the party opposing entry of summary judgment must establish sufficient evidence upon which a jury could reasonably rule in his favor; therefore, a mere 'scintilla of evidence' alone is insufficient." *Kaplan*, 2012 U.S. Dist. LEXIS 185696 at *7 (citing *Liberty Lobby*, 477 U.S. at 252).

### III.  ARGUMENT

#### A.  The Statue of Limitations Began Running Again After The March 18, 2014 MDL Dismissal Order

The statute of limitations for FLSA minimum wage and overtime violations is two years, or three years in the case of "willful" violations. 29 U.S.C. § 255(a). In her Complaint, Plaintiff alleges that her limitations period extends back to January 16, 2010, or three years from the filing of her Notice of Consent to join the *Samuel* action in the MDL litigation. [ECF No. 1-2 at ¶ 18]. Defendant agrees that Ms. Bedford's filing of her Notice of Consent tolled the FLSA's statute of limitations. *See, e.g., Pendlebury v. Starbucks Coffee Co.*, NO. 04-80521-CIV-MARRA/JOHNSON, 2008 U.S. Dist. LEXIS 20089, at *6 (S.D. Fla. Mar. 13, 2008) (Marra, J.) ("An action is deemed commenced under the FLSA upon the filing of the complaint (if the

plaintiff is a named party in the complaint) or upon the filing of a written consent to join the action (if the plaintiff is not named in the complaint).") (citing 29 U.S.C. § 256).

However, it is well-settled that Ms. Bedford's limitations period began running again with her dismissal without prejudice from the *Samuel* action. *See, e.g., Rice v. Active Elec., Inc.*, No. 3:14-CV-33, 2014 U.S. Dist. LEXIS 177359, *7 (S.D. Ohio Dec. 12, 2014) ("When an opt-in plaintiff's FLSA claim is not adjudicated by the Court or settled with court approval, courts toll the statute of limitations from the opt-in date until the dismissal date.") (citations omitted).[2]

Here, the facts are undisputed – Ms. Bedford filed her *Samuel* Notice of Consent on January 16, 2013, and she was dismissed without prejudice from *Samuel* on March 18, 2014. Thereafter, her limitations period began running until she filed her new complaint on August 15, 2014, a 150-day period.

Plaintiff cannot show any other basis for the equitable tolling of her claim during this 150-day period. The plaintiff bears the burden of showing that equitable tolling is warranted. *Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 661 (11th Cir. 1993). Equitable tolling is a "remedy which should be extended only sparingly." *Justice v. United States*, 6 F.3d 1474, 1479

---

[2] *See also Butler v. DirectSat USA, LLC*, No. DKC 10-2747, 2014 U.S. Dist. LEXIS 147561, *14-16 (D. Md. Oct. 16, 2014) (recognizing tolling ends upon decertification and tolling claim only for period in which plaintiff was an opt-in to another action with the same claim); *Orduna v. Champion Drywall, Inc.*, 2013 U.S. Dist. LEXIS 43367, *3 (D. Nev. Mar. 26, 2013) ("[T]he statute of limitations for opt-in plaintiffs will begin to run again if the court later decertifies the collective action.") (*quoting* 7B Charles Alan Wright and Arthur Miller, Federal Practice and Procedure §1807 (3d ed. 2012)); *Green v. Harbor Freight Tools USA, Inc.*, 888 F. Supp. 2d 1088, 1105 (D. Kan. Dec. 14, 2012) ("The statute of limitations for a plaintiff in a collective action is tolled after the plaintiff has filed a consent to opt in to the collective action, and begins to run again if the court later decertifies the collective action."); *Armstrong v. Homebridge Mortg. Bankers Corp.*, No. 07-CV-1024 (JS)(ARL), 2009 U.S. Dist. LEXIS 91146, *5-6 (E.D.N.Y. Sept. 30, 2009) (tolling limitations period of opt-in plaintiffs from time they filed consents until filing of amended complaint that would abandon collective action allegations); *McLauglin v. Harbor Cruises LLC*, No. 06-11299-GAO, 27816, 2009 U.S. Dist. LEXIS 27816, *4-5 (D. Mass. Mar. 31, 2009) (tolling claims of two plaintiffs for period of time they were opt-ins in another action until court ruled that action could not proceed as a collective action).

(11th Cir. 1993). "Its application may be warranted, however, if 'extraordinary circumstances' exist 'that are both beyond [the plaintiff's] control and unavoidable even with diligence.'" *Love v. Phillips Oil, Inc.*, No. 3:08cv92/MCR/MD, 2008 U.S. Dist. LEXIS 102366, *4 (N.D. Fla. Dec. 9, 2008) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (other citation omitted)); *see also Pares v. Kendall Lakes Auto., LLC*, No. 13-20317-CIV-MORENO, 2013 U.S. Dist. LEXIS 90499, *35 (S.D. Fla. June 27, 2013) (Moreno, C.J.) (same). "For example, equitable tolling may be appropriate in a case in which the defendant misleads the plaintiff into allowing the statute of limitations to lapse, the plaintiff has no reasonable way of discovering that he may have had a colorable claim during the statutory period, or the plaintiff files a technically defective pleading but otherwise timely and diligently prosecutes his claim." *Love*, 2008 U.S. Dist. LEXIS 102366 at *4 (citing *Justice*, 6 F.3d at 1479 & *Browning v. AT & T Paradyne*, 120 F.3d 222, 227 (11th Cir. 1997)). "Equitable tolling is not generally permitted where 'the claimant failed to exercise due diligence in preserving [her] legal rights.'" *Love*, 2008 U.S. Dist. LEXIS 102366 at *5 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990)).

Here, no grounds for equitable tolling exist. Rather, Plaintiff failed to exercise due diligence following her dismissal from the *Samuel* action and her failure to re-file until August 15, 2014 was not beyond her control. Thus, the appropriate two-year and three-year limitations periods for Plaintiff's FLSA claims begin on June 15, 2010 (*i.e.*, 150 days after January 16, 2010), and June 15, 2011, respectively, and all earlier claims are time-barred.

**B.    Plaintiff Received At Least The Minimum Wage For All Hours Worked**

"The federal minimum wage provision is not violated 'so long as the total weekly wage paid by an employer meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by

the minimum hourly statutory requirement.'" *Perez v. Brands Mart Serv. Corp.*, No.10-61203-CIV-O'SULLIVAN, 2011 U.S. Dist. LEXIS 82708, *14-15 (S.D. Fla. 2011) (O'Sullivan, Mag.) (quoting *U.S. v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir.1960)) (other citations omitted); *see also Steiner-Out v. Lone Palm Golf Club, LLC*, No. 8:10-cv-2248-T-24 TBM, 2010 U.S. Dist. LEXIS 115415, *5 (M.D. Fla. Oct. 28, 2010) ("Plaintiffs will have to show that their actual wages for any workweek divided by the number of hours that they worked in such week equals an hourly rate that is less than the statutory minimum hourly rate in order to succeed on a minimum wage claim"); *Walters v. Am. Coach Lines of Miami, Inc.*, 569 F. Supp. 1270, 1300 (S.D. Fla. 2008) (Ungaro, J.) ("The effective hourly rate for determining minimum wage violations is calculated by dividing the amount of compensation paid during a workweek by the total number of hours the employee worked during that workweek. In other words, it is the workweek as a whole rather than each individual hour within a workweek that is the relevant unit for determining compliance with the minimum wage requirement."), *aff'd*, 575 F.3d 1121 (11th Cir. 2009) (per curiam).

Here, Plaintiff cannot establish that she worked for less than the minimum wage in any workweek in the relevant time period. For instance, between April 2012 and August 2013, Ms. Bedford's weekly salary was $825 and she never recorded more than 94.52 hours in a workweek. Thus, her regular rate was never less than $8.73 per hour ($825/94.52). *See* SOF ¶ 3. For the periods where her weekly salary was $727 and $741, her lowest regular rate in a workweek was $8.65 ($727/83.95) and $9.96 ($741/74.37), respectively. *See* SOF ¶ 3.

To the extent that Ms. Bedford testified that she worked but did not record an average of 10 hours per week (*see* SOF ¶ 10), such evidence cannot overcome her judicial admission in her Complaint that the Company records reflect her actual hours worked. *See* Complaint ¶ 27 ("The

-8-

records, if any, concerning the number of hours actually worked by Bedford, if they exist, and the compensation actually paid to her, are in the possession and custody and control of Defendant, and those records do exist, because Bedford had to punch a time-clock to record her hours each day.").

As the Eleventh Circuit summarized in *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d1151, 1177-78 (11th Cir. 2009), "'the general rule [is] that a party is bound by the admissions in his pleadings.' *Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 621 (11th Cir. 1983). 'Indeed, facts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them.' *Hill v. Federal Trade Comm'n*, 124 F.2d 104, 106 (5th Cir. 1941)."

Thus, courts in the Eleventh Circuit and elsewhere have routinely recognized that facts alleged by plaintiffs in their complaints constitute admissions for purposes of motions to dismiss or for summary judgment. *See, e.g., Brown v. Royal Caribbean Cruises, Ltd.*, 549 Fed. Appx. 861, 863 (11th Cir. 2013) (affirming district court's finding that complaint allegations established existence of written arbitration agreement for purposes of satisfying jurisdictional element); *Denim N. Am. Holdings, LLC v. Swift Textiles, LLC*, 532 Fed. Appx. 853, 860 (11th Cir. 2013) (granting judgment as a matter of law after finding that judicial admissions in complaint and brief waived right of rescission); *see also Soo Line R.R. Co. v. St. Louis S.W. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997) ("judicial efficiency demands that a party not be allowed to controvert what it has already unequivocally told a court by the most formal and considered

means possible," including allegations in a complaint upon consideration of a motion for summary judgment).[3]

Even if Ms. Bedford's testimony regarding off-the-clock work was accepted as true, those additional hours are insufficient to create a genuine issue of material fact. Assuming her longest workweek while she was earning $825 was 104.52 hours instead of 94.52 hours, her regular rate would have been $7.89. *See* SOF ¶ 4. Similarly, her lowest regular rate for a workweek in the periods where she earned $727 and $741 would have been $7.74 ($727/93.95) and $8.78 ($741/84.37), respectively. *See* SOF ¶ 3. Thus, Ms. Bedford's claim for violation of the minimum wage is subject to dismissal.

### C. Plaintiff Has Already Been Paid Her Regular Rate For All Hours Worked

Under the "halftime" method, a misclassified employee's weekly salary is divided by all hours worked in the workweek to obtain the regular rate and the employee then receives one-half the regular rate as additional compensation for each hour over 40 in a workweek. In other words, the salary represents straight-time pay for all hours worked.

Every federal court of appeals to address the appropriate damages method for misclassification claims has endorsed the "halftime" method as the appropriate methodology for measuring damages in a misclassification case. *See, e.g., Desmond v. PNGI Charles Town*

---

[3] *See also McCorvey v. United States*, No. CA 12-00757-KD-C, 2014 U.S. Dist. LEXIS 125990, *26-28 (S.D. Ala. July 24, 2014)(finding complaint allegation that defendants acted outside their scope of employment was binding judicial admission that required dismissal of action) (collecting cases); *United States v. $80,891.25 in U.S. Currency*, No. 4:11-cv-183, 2011 U.S. Dist. LEXIS 145500, *2-3 (S.D. Ga. Dec. 19, 2011) (finding plaintiff's claim was time –barred based on judicial admission of fact contained in complaint); *Nelson v. Am. Express Travel Related Servs., Inc.*, No. 2:08-cv-438-JHH, 2009 U.S. Dist. LEXIS 129787, *31-33 (N.D. Ala. Jun. 17, 2009) (judicial admission of facts in complaint established credit report was accurate and, thus, plaintiff had no claim); *Saballos v. Bonilla*, No. 05-21928-CIV-SEITZ/MCALILEY, 2006 U.S. Dist. LEXIS 95093, *5 n.6 (S.D. Fla. 2006) (Seitz, J.) (finding factual allegation in complaint was binding judicial admission despite contradictory deposition testimony by plaintiff).

*Gaming, L.L.C.*, 630 F.3d 351, 357 (4th Cir. 2011); *Urnikis-Negro v. Am. Family Prop. Servs.*, 616 F.3d 665, 681 (7th Cir. 2010); *Clements v. Serco, Inc.*, 530 F.3d 1224, 1230-31 (10th Cir. 2008); *Valerio v. Putnam Assocs. Inc.*, 173 F.3d 35, 38-40 (1st Cir. 1999); *Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135, 1138-39 (5th Cir. 1988).

The United States Department of Labor "also has approved using a 50% overtime premium to calculate unpaid overtime compensation in a mistaken exemption classification case." *Desmond*, 630 F.3d at 356 (citing Retroactive Payment of Overtime and the Fluctuating Workweek Method of Payment, Wage and Hour Opinion Letter, FLSA 2009-3 (Dep't of Labor Jan. 14, 2009) (attached hereto as Exhibit 1). The opinion letter, which was issued in response to an employer who asked how to compensate employees mistakenly classified as exempt, states that "because the fixed salary covered whatever hours the employees were called upon to work in a workweek; the employees will be paid an additional one-half their actual regular rate for each overtime hour . . .; and the employees received and accepted the salary knowing that it covered whatever hours they worked," a retroactive payment of overtime using the 50% multiplier conforms with FLSA requirements.   DOL Op. Ltr. at 2.  "Such DOL opinion letters are not binding on courts, but "constitute a body of experience and informed judgment . . . give[n] . . . substantial weight." *Desmond*, 630 F.3d at 356 n.1 (citing *Flood v. New Hanover County*, 125 F.3d 249, 253 (4th Cir. 1997)).

While the Eleventh Circuit has not considered the issue, the Southern District of Florida has also recognized the applicability of the halftime method in misclassification cases.  See *Torres v. Bacardi Global Brands Promotions, Inc.*, 482 F. Supp. 2d 1379, 1381-82 & n.3 (S.D. Fla. 2007).  In *Torres*, Judge Jordan noted that plaintiff "was paid a fixed salary that he received no matter how many hours he worked in a given week," and applied the halftime method after

finding plaintiff had been misclassified as exempt under the FLSA. *Id.* at 1381-82. Judge Jordan specifically found that the defendant was not arguing that the "fluctuating workweek method" should be applied remedially as its basis for the halftime method, but rather defendant had argued that because plaintiff "ha[d] already received his regular rate for all hours worked, he [was] entitled to half-time for those hours worked in excess of forty per week." *Id.* at 1382. The Seventh Circuit's decision in *Urnikis-Negro* made a similar distinction, basing its decision to apply the halftime method not on the fluctuating workweek method, which is incorporated into an interpretive rule by the Department of Labor at 29 C.F.R. § 778.114, but rather the Supreme Court's decision in *Overnite Motor Transportation Co. v. Missel*, 316 U.S. 592 (1942), *superseded on other grounds by statute as stated in Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128 n.22 (1985). *See Urnikis-Negro*, 616 F.3d at 666, 676-79; see also *Desmond*, 630 F.3d at 356 ("In our view, the district court correctly concluded that *Overnight Motor* provides the appropriate method for calculating the unpaid overtime compensation under 29 U.S.C. § 216(b) in this case.").

      Here, <u>all of the evidence</u> supports the conclusion that Ms. Bedford's salary "was intended to compensate her not for 40 hours per week or some other fixed number of hours, but for any and *all* hours that she worked in a given week." *See Urnikis-Negro*, 616 F.3d at 681 (emphasis in original). Ms. Bedford understood that she "was receiving the same weekly pay" and "was not seeing any fluctuation depending on the hours [she] worked." SOF ¶ 11. After working as a Store Manager for "a couple weeks or so" (which was in 2008, well before the start of her limitations period) and not receiving overtime, Ms. Bedford spoke with her supervisor about why she was not receiving additional compensation for her longer hours as a Store Manager, Ms. Bedford did not make any further inquiries regarding her compensation but continued working a

variable number of hours. *Id.* Under these circumstances, as a matter of law, application of the halftime method is appropriate under *Missel*. *See Urnikis-Negro*, 616 F.3d at 681 n.8 ("We note that the agreement that an employee is to be paid a fixed salary for whatever hours she worked need not be evidenced in writing. The existence of such an agreement instead may be inferred from the parties' conduct.") (citations omitted). Therefore, Ms. Bedford's damages, to the extent there are any, must be calculated using the halftime method.

## IV.   CONCLUSION

For the reasons stated herein, Defendant respectfully requests that this Court enter an Order granting partial summary judgment in its favor on the appropriate limitations periods under the FLSA, Plaintiff's minimum wage claim, and the appropriate overtime damages methodology if she was misclassified as an exempt executive.

DATED this 26th day of January 2015.

Respectfully submitted,

*/s/ Jorge Zamora, Jr.*
Jessica T. Travers
Florida Bar No. 0018129
jtravers@littler.com

Jorge Zamora, Jr.
Florida Bar No. 0094713
jzamora@littler.com

LITTLER MENDELSON, P.C.
Wells Fargo Center
Suite #2700
333 S.E. 2nd Avenue
Miami, Florida  33131.
Telephone:  305.400.7500
Facsimile:  305.603.2552

*COUNSEL FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was served via CM/ECF on this 26th day of January 2015 on all counsel of record on the service list.

*/s/ Jorge Zamora, Jr.*
Jorge Zamora, Jr.

**SERVICE LIST**

Chris Kleppin, Esquire
Glasser & Kleppin, P.A.
8751 West Broward Blvd
Suite 105
Plantation, FL 33324
Email: ckleppin@gkemploymentlaw.com
Secondary: essclair@aol.com